Nos. 26-1354, 26-1371, 26-1440, & 26-1441 (consol.)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, and ILLINOIS CREDIT UNION LEAGUE,<br><br>Plaintiffs-Appellants/ Cross-Appellees,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br>Defendant-Appellee/ Cross-Appellant. | ) | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 1:24-cv-07307<br><br>The Honorable VIRGINIA M. KENDALL, Chief Judge Presiding. |

**DOCKETING STATEMENT**

Defendant-Appellee/Cross-Appellant Kwame Raoul, in his official capacity as Attorney General of the State of Illinois, submits this docketing statement in appeal No. 26-1441 as required by 7th Cir. R. 3(c).

1. On August 15, 2024, Plaintiffs-Appellants/Cross-Appellees Illinois Bankers Association, American Bankers Association, America's Credit Unions, and Illinois Credit Union League filed a complaint in the district court under 42 U.S.C. § 1983, claiming that two provisions of the Illinois Interchange Fee Prohibition Act ("Act"), 815 ILCS 151/150-1 *et seq.*, violated the Supremacy and Dormant Commerce

Clauses of the United States Constitution. Doc. 1 at 63-74. Plaintiffs sought declaratory and injunctive relief. *Id.* at 71-72.

2. For the reasons set forth in the Attorney General's cross-motion for summary judgment, the district court lacked jurisdiction over plaintiffs' action because they lacked standing. *See* Doc. 138 at 16-19. And to the extent that the Eleventh Amendment to the United States Constitution affects subject matter jurisdiction, the district court lacked federal question jurisdiction over plaintiffs' challenge to section 150-10 of the Act. *Id.* at 16-17; *see McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 532-34 (7th Cir. 2022) (Eleventh Amendment immunity is jurisdictional but can be waived); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (United States Supreme Court has "not decided" whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction"). Otherwise, the district court had jurisdiction over this action under 28 U.S.C. § 1331 because it raised federal questions.

3. On February 10, 2026, the district court entered an order granting in part and denying in part the parties' cross-motions for summary judgment. Doc. 179 at 47. The district court denied plaintiffs' request for a permanent injunction as to section 150-10 of the Act. *Id.* at 14-15, 28, 30-31, 34-35. The district court also "granted" plaintiffs' request for a "permanent injunction as to the [Act's] Data Usage Limitation" provision, 815 ILCS 151/150-15(b), to the extent it applied to national banks, banks chartered by states other than Illinois, federal savings associations, federal credit unions, and other entities participating in electronic payment

transactions "when they facilitate the preempted institutions' power implicated by the Data Usage Limitation." Doc. 179 at 30, 44; *see id.* at 15, 44-47.

4. On February 13, 2026, plaintiffs filed a notice of appeal from the portions of the district court's order denying their requests for injunctive relief. Doc. 181. This court assigned the appeal No. 26-1354.

5. Plaintiffs' notice of appeal was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) because it was filed within 30 days of the district court's order.

6. On February 23, 2026, the Attorney General filed a notice of cross-appeal from the portions of the district court's order granting plaintiffs' requests for injunctive relief. Doc. 185. This court assigned the cross-appeal No. 26-1371.

7. The Attorney General's notice of cross-appeal was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(3) because it was filed within 30 days of the district court's order.

8. On February 25, 2026, this court entered an order consolidating appeal Nos. 26-1354 and 26-1371 for briefing and disposition.

9. On February 27, 2026, the district court, at the parties' request, entered a final judgment that disposed of "all issues in the case." Doc. 193 at 2. The same day, the court entered a separate order under Fed. R. Civ. P. 65, permanently enjoining the Attorney General from enforcing the Data Usage Limitation "against (1) national banks; (2) banks chartered by states other than Illinois, see 12 U.S.C. § 1831a(j)(1); (3) federal savings associations; (4) federal credit unions; and (5) other

entities participating in an electronic payment transaction, such as Payment Card Networks and processors, to the extent they are carrying out the functions that facilitate the powers of any of the foregoing entities implicated by the Data Usage Limitation." Doc. 194 at 1-2.

10. On March 4, 2026, plaintiffs filed a notice of appeal from the final judgment, Doc. 196, which was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) because it was filed within 30 days of the district court's judgment. This court assigned that appeal No. 26-1440.

11. Also on March 4, 2026, the Attorney General filed a notice of cross-appeal from the final judgment and permanent injunction order, Doc. 198, which was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(3) because it was filed within 30 days of the district court's judgment. This court assigned that cross-appeal No. 26-1441.

12. On March 5, 2026, this court consolidated appeal Nos. 26-1440 and 26-1441 with appeal Nos. 26-1354 and 26-1371 for briefing and disposition. 7th Cir. Doc. 9.

13. This court has jurisdiction over these consolidated appeals from the district court's interlocutory order granting in part and refusing in part an injunction under 28 U.S.C. § 1292(a)(1), and from the district court's final judgment under 28 U.S.C. § 1291.

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ Carson R. Griffis
CARSON R. GRIFFIS
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2447 (office)
(773) 505-5282 (cell)
Carson.Griffis@ilag.gov

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 6, 2026, I electronically filed the foregoing Docketing Statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this case, named below, are registered CM/ECF users and will be served via the CM/ECF system.

Boris Bershteyn
Boris.Bershteyn@skadden.com

Charlotte Taylor
ctaylor@jonesday.com

/s/ Carson R. Griffis
CARSON R. GRIFFIS
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2447 (office)
(773) 505-5282 (cell)
Carson.Griffis@ilag.gov